IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUTH LONJOSE,

       Plaintiff,

vs.                                                  No. CIV 19-163-MV-GBW

SOCIAL SECURITY ADMINISTRATION,

       Defendant.

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Plaintiff's Objection [Doc. 29] to the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") [Doc. 28]. The Magistrate Judge recommended denying Plaintiff's Motion to Reverse and/or Remand [Doc. 19] and affirming the decision of the Commissioner. Having conducted an independent, *de novo* review of the Motion [Doc. 19], the parties' briefing [Docs. 24, 25, 29, and 30], and the Magistrate Judge's PFRD [Doc. 28], the Court will **OVERRULE** Plaintiff's objections and adopt the PFRD.

**BACKGROUND**

Plaintiff filed her applications for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") on April 15, 2016, alleging disability resulting from the following conditions: nerve damage in her left hand status post carpal tunnel surgery, hypothyroidism, Graves' disease, bilateral neuralgia in her hands and feet, joint pain in her shoulders, hips and knees, carpal tunnel syndrome, and type 2 diabetes. Administrative Record ("AR") at 74–75, 83–84. Her application was first denied on June 22, 2016. AR at 81–82, 90–91. It was again denied on reconsideration on October 18, 2016. AR at 101, 112. Following a

December 15, 2017 hearing before an Administrative Law Judge ("ALJ"), the ALJ determined that Plaintiff was not disabled. AR at 11–29. The Appeals Council denied review on February 1, 2019. AR at 1–4.

Plaintiff filed suit in this Court on February 28, 2019. *Doc. 1*. On January 8, 2020, per the Court's Order of Reference [Doc. 27] the Magistrate Judge issued his PFRD recommending denial of remand. Doc. 28. Plaintiff timely filed objections to the PFRD on January 21, 2020 [Doc. 29] and the Commissioner responded on January 29, 2020 [Doc. 30].

## STANDARD OF REVIEW

This case was referred to the Magistrate Judge to conduct hearings and perform legal analysis pursuant to 28 U.S.C. § 636(b)(1)(B). *See* Doc. 27. Under that referral provision, the Court's standard of review of a magistrate judge's PFRD is *de novo*. *See* 28 U.S.C. § 636(b)(1)(C). When resolving objections to a magistrate judge's PFRD, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Moreover, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). *See also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

In adopting the Magistrate Judge's PFRD, the district court need not "make any specific findings; the district court must merely conduct a de novo review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996) (citing *In re Griego*, 64 F.3d at 583–84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F.3d 722, 724 (10th Cir. 1993). A "terse" order containing one sentence for each of the party's "substantive claims," which did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion," was held sufficient. *Garcia*, 232 F.3d at 766. The Supreme Court has explained that "in providing for a de novo determination rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (quoting 28 U.S.C. § 636(b)) (citing *Mathews v. Weber*, 423 U.S. 261, 275 (1976)).

**ANALYSIS**

Plaintiff's objection to the Magistrate Judge's PFRD is premised on a single issue: whether the ALJ adequately explained his decision not to include mental limitations in Plaintiff's residual functional capacity ("RFC"), despite having earlier assessed "mild" limitations in three areas of mental functioning and a "moderate" limitation in "adapting and managing oneself." *See generally* Doc. 29; AR at 16–18. For the reasons discussed below, the Court agrees with the Magistrate Judge's conclusion and will overrule Plaintiff's objection.

In his PFRD, the Magistrate Judge conducted a thorough analysis of the applicable case law regarding "how much further discussion of a non-severe impairment is required at step four." *Wells v. Colvin*, 727 F.3d 1061, 1064 (10th Cir. 2013). Upon *de novo* review, this Court adopts that analysis. Though Plaintiff's other cited cases are instructive, the Court affords particular weight to *Wells*, both because that holding is precedential and because it was explicitly intended to address and resolve the divergence in the appellate court's unpublished decisions. *See id.* at 1064–65. In *Wells*, the ALJ found medically determinable but non-severe mental impairments at step two of his analysis. Later, in determining the claimant's RFC, he "used language suggesting he had excluded them from consideration as part of his RFC assessment, based on his determination of non-severity." *Id.* at 1065. The Tenth Circuit held that this exclusion from consideration was impermissible, and remand was appropriate.

In the instant case, the ALJ used no language to suggest that Plaintiff's mental impairment and limitations were omitted from consideration at step four because of his step two finding of non-severity. Rather, the record shows that in assessing Plaintiff's RFC he appropriately "consider[ed] the effect of *all* medically determinable impairments, whether severe or not." *Wells*, 727 F.3d at 1069 (citing 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2)). As identified by the Magistrate Judge, there is ample evidence of record to demonstrate the ALJ's consideration of Plaintiff's mental impairments at step four. *See* Doc. 28 at 10–12; AR at 19, 20, 24, 26, 27.

Plaintiff takes issue with the ALJ's failure to clearly explain the connection between his consideration of Plaintiff's mental impairments and his decision not to include any mental limitations in Plaintiff's RFC. However, the Tenth Circuit held, in an unpublished post-*Wells* decision, that this level of explanation is not required:

> At step four, the ALJ discussed evidence relating to depression and then pointedly omitted any limitation associated with that mental impairment on the RFC (a full

4

range of sedentary work), though the ALJ admittedly could have been more explicit in tying the former discussion to the latter conclusion. Significantly, the ALJ did not make any ancillary statement, like that made by the ALJ in *Wells*, affirmatively suggesting an improper conflation of the step-two and step-four assessments. Taking common sense, not technical perfection, as our guide, we hold that the ALJ conducted a mental RFC assessment separate from the non-severity determination made at step two.

*Suttles v. Colvin*, 543 F. App'x 824, 826 (10th Cir. 2013) (unpublished) (internal quotations and citations omitted). The Court is persuaded by the holding in *Suttles*, which explicitly applies here and is consistent with *Wells*. *Wells* stands for the proposition that an ALJ may not exclude mental impairments from consideration in assessing a claimant's RFC and must conduct separate assessments of mental functioning at each stage. It says little, however, about the ALJ's obligation to clearly tie his step-four discussion of the claimant's mental impairments with his decision to omit mental limitations from the RFC. In fact, the *Wells* court remarked:

> Notwithstanding his previous statement about step-two findings, the ALJ did . . . separately discuss Ms. Wells' mental impairments to some degree, when assessing her credibility as part of his RFC determination. This discussion, though far from comprehensive, might have satisfied the ALJ's obligation at step four to provide a more detailed assessment of Ms. Wells' ability to complete various job functions as part of determining her RFC. But we need not determine whether the discussion was procedurally adequate, because the ALJ's conclusions on this point were not supported by substantial evidence.

727 F.3d at 1069. Notably, the ALJ's duty is framed here in terms of "provid[ing] a more detailed assessment," and "separately discuss[ing]" impairments, rather than making a clear and explicit statement about his reasons for omitting mental limitations from the RFC. This accords with the holding in *Suttles* that a detailed step-four discussion of non-severe mental impairments, even absent an explicit connection between that discussion and the omission of mental limitations from the RFC, is sufficient to fulfill the ALJ's obligation.

In this case, the record demonstrates that: the ALJ considered the combined effect of all of Plaintiff's medically determinable impairments, including her non-severe mental impairments; the

5

ALJ did not "simply rely on his non-severity finding as a substitute for a proper RFC analysis;" and the ALJ included a step-four narrative discussion of the medical and nonmedical evidence relating to Plaintiff's mental impairment. *See Wells*, 727 F.3d at 1065; AR at 19, 20, 24, 26, 27. Moreover, there is certainly no affirmative suggestion of an "improper conflation of the step-two and step-four assessments." *Suttles*, 543 App'x at 826. Although the ALJ "admittedly could have been more explicit in tying [this] discussion" to his exclusion of mental limitations from the RFC, *id.*, the Court finds that the ALJ properly and separately considered Plaintiff's mental impairments at step four.

Plaintiff nonetheless urges this Court to recognize a distinction between "mild" limitations, like those at issue in *Wells*, *Suttles*, and *Farrill v. Astrue*, 486 F. App'x 711 (10th Cir. 2012) (unpublished), and the "moderate" limitation assessed by the ALJ in Plaintiff's ability to adapt and manage herself, AR at 17. Plaintiff first argues that, "since the Tenth Circuit remanded the *Wells* and *Farrill* cases for the ALJ's failure [to] explain why mild limitations were not included in the RFC, surely a case involving moderate limitations merits remand." Doc. 29 at 4–5. However, to begin with, the Court cannot entirely agree with Plaintiff's characterization of *Wells*. The Tenth Circuit remanded *Wells* more precisely because:

> to the extent the ALJ relied on his finding of non-severity as a substitute for adequate RFC analysis, the Commissioner's regulations demand a more thorough analysis. To the extent the ALJ intended his further statements about credibility to constitute a step-four mental RFC analysis, the conclusions he reached from these statements are not supported by substantial evidence.

727 F.3d at 1071 (citations omitted). Neither of these circumstances is present in the case at bar. As explained above, *Wells* has more to do with considering impairments separately at step four than with explaining them clearly.

As for Plaintiff's reliance on *Farrill*, the Court is unpersuaded. To the extent that *Farrill* conflicts with *Wells*, it has been firmly overruled. To the extent that it conflicts with the holding in *Suttles*, the Court affords it less weight than *Suttles* because *Farrill* was decided prior to, and therefore could not apply, the precedential ruling of *Wells*.[1] *Suttles*, in contrast, was decided with the benefit of the *Wells* framework to guide the court's analysis. *See* 543 F. App'x at 825–26 (discussing and applying *Wells*). The Court is therefore not convinced that the Tenth Circuit's unpublished holding in *Farrill* mandates a different result.

Finally, nothing in any of the cited Tenth Circuit cases indicates that the court's analysis turned on the classification of the limitation as "mild" rather than "moderate." Plaintiff admits that the ALJ was not under any duty to incorporate a moderate limitation found at step three into his RFC determination at step four.[2] Doc. 29 at 6. Indeed, there is no distinction between the ALJ's duty to incorporate a mild limitation found at steps two and three into the claimant's RFC, and his duty to incorporate a moderate limitation. The question, therefore, is not whether the limitation found at steps two and three was "mild" or "moderate," but whether the ALJ's step-four discussion of the limitation constituted an adequate explanation of his RFC determination. The Court finds in this case that it did.

Plaintiff also contends that because "mild" limitations, unlike "moderate" limitations, are presumptively non-severe, their omission from the RFC requires a different level of explanation. Doc. 29 at 4. Plaintiff cites to 20 C.F.R. § 404.1520a(d)(1), which states: "If we rate the degrees of your limitation as 'none' or 'mild,' we will generally conclude that your impairment(s) is not

---

[1] The *Wells* court specifically identified *Farrill* as one of the many "recent unpublished dispositions . . . reaching divergent results." 727 F.3d at 1064 n.2.
[2] By the same principle that findings of limitation at steps two and three do not compel findings of limitation at step four, Plaintiff's citation to POMS D.I. 24510.063, which states that a "moderate" limitation means "the individual's capacity to perform the activity is impaired," is inapposite to the question at hand. A step-two or step-three finding that "the individual's capacity to perform the activity is impaired" does not, as Plaintiff clearly recognizes, indicate that the same must be determined at step four.

severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities." This regulation addresses the likelihood that, having assessed a mild limitation, an ALJ will find the Plaintiff's medically determinable impairment "severe." Severity in this context refers to the severity of the claimant's medically determinable impairment, not the severity of the functional limitation. *See*, *e.g.*, *Wells*, 727 F.3d at 1065 ("the ALJ must consider the combined effect of all of the claimant's *medically determinable impairments*, whether *severe or not severe*") (emphasis added). However, the ALJ in this case—despite assessing a moderate limitation in adapting or managing oneself—unambiguously did *not* conclude that Plaintiff suffered from a severe mental impairment. AR at 15 ("There is no evidence that the claimant's alleged depressive condition or symptoms have a more than minimal effect on the claimant's ability to engage in work-related activities, and it is therefore considered a nonsevere impairment under the regulations."). Whatever presumption is expressed by 20 C.F.R. § 404.1520a(d)(1), it can have no application where the ALJ has already made a determination of severity or non-severity.

The real basis of Plaintiff's argument, therefore, is the simple assertion that "moderate" limitations are more severe than "mild" limitations. This is undoubtedly true. But as explained above, the determinative question is the quality of the ALJ's step-four analysis, not the nature of the claimant's limitation—mild or otherwise. The ALJ may not omit even mild limitations from the RFC without some discussion of the relevant impairments at step four. *See Wells*, 727 F.3d at 1069. The Court finds that the ALJ's step-four discussion of Plaintiff's mental impairment, including his discussion of her ability to adapt and manage herself, *see* AR at 26–27, was sufficiently thorough to allow the Court to follow his reasoning in omitting such a limitation from the RFC. Consequently, it is not an appropriate basis for remand.

## CONCLUSION

It is therefore **ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Objections [Doc. 29] are overruled, and that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 28] are **ADOPTED** upon *de novo* review.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reverse and/or Remand [Doc. 19] is **DENIED**, and that the decision of the Commissioner is hereby **AFFIRMED**.

Dated this 4th day of March, 2020.

_____
**MARTHA VÁZQUEZ**
UNITED STATES DISTRICT JUDGE